NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

JACKSON MAINTENANCE CORPORA-
TION, Respondent.

No. 40, Docket 26255.

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1960.

Decided Oct. 28, 1960.

Stuart Rothman, General Counsel, Dominick L. Manoli, Assoc. General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Duane B. Beeson, Elliott Moore, Attorneys, National Labor Relations Board, Washington, D. C., for petitioner.

Friedlander & Gaines, New York City (Henry G. Friedlander, Norbert Ruttenberg, Edward Cherney, New York City, of counsel), for respondent.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

Petitioner seeks enforcement of its order compelling the respondent, a New York City automobile-taxicab maintenance service, to cease and desist from making non-membership in a labor union a condition of employment, to make amends to one Frank Biglione for any loss of wages he may have incurred, and to offer Biglione job reinstatement.

There were only two witnesses at the hearing before the Board's examiner. Biglione, an employee of respondent, testified that he joined a union during the course of a strike, that he stayed away from work while the strike was in progress and that when he went back to the garage after its conclusion Katz, respondent's president, conditionally offered to reinstate him in his job. There were several self-contradictions in Biglione's testimony as to whether this offer was on condition that he write to the union and resign his membership therein, or on condition that he obtain a letter addressed to him from the union stating that he was no longer a member, or on condition that Katz receive such a union letter. Katz, the other witness, testified that Biglione never spoke to him. However, his testimony was impeached by the Board's counsel, and the trial examiner specifically discredited it. The trial examiner also concluded that Biglione "was not a reliable witness" and held that there was insufficient trustworthy evidence for him to hold that respondent had committed an unfair labor practice.

The Board reversed its trial examiner. It chose to accept the testimony of the discharged employee as the more trustworthy testimony, and ordered him reinstated.

■ It is beyond question that it is an unfair labor practice for an employer to make non-membership in a union a condition of employment. Phelps Dodge Corp. v. N. L. R. B., 1940, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271.

■ The Board's decision that such a condition was proposed to be exacted here must be measured by whether that decision is supported by substantial evidence. Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. In support of the Board's order is the finding of the examiner discrediting the employer's testimony. It is a fair inference that Katz wished to cover up the true purpose of his conversation with Biglione. The Board further relies on the testimony of the employee, which, though found unreliable by the examiner, was considered by the Board to be sufficiently reliable to warrant a different result from that reached by the examiner. The Board based its conclusion on the fact that though there was confusion in the details of the employee's testimony he did not vary his claim that a condition of his rehiring was his disaffiliation with the union.

■ Because he has the opportunity to observe the demeanor of a witness the credibility to be accorded a witness is ordinarily a matter for the trial examiner. N. L. R. B. v. James Thompson & Co., 2 Cir., 1953, 208 F.2d 743. But an examiner's findings, based upon his opinion of credibility, are not necessarily to be taken as determinative, for the record on review may well create doubts with respect to the truthfulness of a witness so powerful that they outweigh any evaluation based upon demeanor. N. L. R. B. v. James Thompson & Co., supra, at page 746.

■■ Under the above test it would appear that, in the light of the confusion and self-contradiction in Biglione's testimony, the examiner who saw and heard the witness could properly discredit him. However, the Board, in its turn, could rely on the totality of the testimony given, evaluated in the light of the examiner's findings of credibility unfavorable to both employer and employee, and thereby support its ultimate decision contrary to that of the examiner. See N. L. R. B. v. Pacific Intermountain Express Co., 8 Cir., 1956, 228 F.2d 170. In view of all the evidence before it, it cannot be said that the Board's result was not supported by substantial evidence in the record.

Respondent maintains that the Board failed to prove its own jurisdiction. This claim is of no avail. See N. L. R. B. v. Pease Oil Co., 2 Cir., 1960, 279 F.2d 135, 139.

Enforcement granted.